Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Ronald L. Rosenbaum | 2013 TSPR 85 <br><br> 189 DPR ____ |

Número del Caso: TS-3201

Fecha: 28 de junio de 2013

Oficina de Inspección de Notarías:

        Lcdo. Manuel E. Ávila de Jesús

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Tribunal Supremo. (Suspensión advino final y firme el 30 de julio de 2013)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ronald L. Rosenbaum                    TS-3201


PER CURIAM

San Juan, Puerto Rico, a 28 de junio de 2013.

Hoy nos encontramos ante el incumplimiento de un notario con su deber de custodiar celosamente los protocolos que le pertenecen al Estado, los cuales, por motivo de su negligencia, no se podrán reconstruir. Como consecuencia de tal omisión, este Tribunal se ve en la obligación de suspenderlo inmediatamente del ejercicio de la notaría.

I

El Lcdo. Ronald L. Rosenbaum fue admitido al ejercicio de la abogacía el 13 de diciembre de 1968 y de la práctica de la notaría el 21 de febrero de 1969.

Tan reciente como el 13 de febrero de 2013, el letrado nos informó que extravió el Tomo 7 del Protocolo del 2005 (Escrituras 355 a 418) y el Tomo 14, 15 y 16 del Protocolo del 2006 (Escrituras 198 a 305), por lo que solicitó autorización para comenzar la reconstrucción de éstos. La misma fue autorizada por este Tribunal.

Durante el trámite de rigor, la Oficina de Inspección de Notarías (ODIN) informó, a su vez, que las Escrituras 17 y 18 del año 2005 adolecían de las últimas páginas. Así las cosas, mediante Resolución de 12 de abril de 2012, le concedimos al licenciado Rosenbaum un término de 90 días para reconstruir los documentos extraviados.

Posteriormente, el 31 de julio de 2012 el licenciado Rosenbaum nos informó que está mayormente retirado y pasa gran parte del tiempo en su residencia en el estado de la Florida. Además, indicó los trámites realizados para la reconstrucción de la obra notarial y que cerró sus oficinas debido a la pérdida de varios de sus clientes. En cumplimiento con nuestras órdenes, el letrado compareció nuevamente el 19 de marzo de 2013 y detalló el resto de las gestiones realizadas para la reconstrucción de la obra notarial.

En síntesis, el licenciado Rosenbaum expuso que no tiene la mayoría de los expedientes, las llamadas realizadas a los clientes y a las entidades que representaba e indica que no posee copia de los documentos. De igual forma, señaló que las gestiones realizadas han sido infructuosas.

En cumplimiento con lo ordenado por este Tribunal, ODIN presentó el 28 de junio de 2013 la *Moción en cumplimiento de Resolución y solicitando auxilio del Tribunal para la incautación de la obra Notarial.* Mediante ésta, el letrado nos informa que no ha podido reconstruir ninguna de las escrituras o páginas extraviadas para los años 2005, 2006 y 2008.[1] Igualmente, detalla que existen deficiencias arancelarias y otras pendientes de subsanar en las escrituras.

La ODIN resalta que con relación a las deficiencias arancelarias sólo puede determinar que el letrado adeuda la cuantía de $4,048. Ello, pues, no puede determinar la cuantía en sellos a pagarse, debido a la pérdida de los distintos protocolos, ya que carece de los documentos públicos para establecer la misma.

Así las cosas, y en relación con la reconstrucción del protocolo, ODIN recomendó que se ordene: (1) la encuadernación de los índices mensuales donde se detallan las escrituras extraviadas que forman parte de esos protocolos y, una vez encuadernados, se autorice la aprobación de éstos en sustitución de los protocolos originales; (2) la colocación de una hoja intermedia en los instrumentos públicos cuyos folios han sido extraviados en donde se haga constar que éstos desaparecieron; y (3) el pago de $4,048 por el letrado con

---

[1] Además de los documentos antes mencionados, falta la página 26 de la Escritura Núm. 178 del Protocolo del 2008.

relación a la cancelación de los aranceles que se pudieron determinar que eran adeudados.

De otra parte, ODIN nos llama la atención a otro asunto. Destaca que de lo informado por el licenciado Rosenbaum, surge que éste es residente *bona fide* del estado de la Florida. Sin embargo, ODIN nos indica que no surge que el letrado haya designado a un notario sustituto para custodiar su protocolo. Siendo ello así, recomienda la incautación de la obra notarial del licenciado Rosenbaum.

II

El Protocolo de un notario es la colección ordenada de las escrituras matrices y actas que autoriza durante un año natural. Art. 47 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2071. Por disposición expresa de ley, los Protocolos pertenecen al Estado. Art. 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2072. El notario es simplemente su custodio, encargado de guardarlos celosa y responsablemente para que no se pierdan o deterioren. In re González Maldonado, 152 D.P.R. 871 (2000); In re Sánchez Quijano, 148 D.P.R. 509 (1999).

Ante ello, resulta una función inherente al otorgamiento correcto de los instrumentos públicos, la responsabilidad de guardarlos cuidadosamente, sin que esta función de custodia sea inferior a la propia autorización del documento público. Así, este Tribunal ha expresado que "[e]n función de dador de fe pública el notario ha de ser pundonoroso, nada más lógico admitir que también ha de

serlo en su carácter de guardador". In re Antonio Ríos Acosta, 128 D.P.R. 412, 415 (1991), citando a A. Neri, Tratado teórico y práctico de derecho notarial, Buenos Aires, Eds. Depalma, 1971, T.4, págs. 90-95. Como consecuencia, al notario se le exige que nombre a otro notario para que lo sustituya cuando se ausente de su oficina por cualquier causa que no sea permanente. Esta designación debe ser notificada a la ODIN. El notario sustituto será, en estos casos, responsable de la custodia y conservación de los protocolos. 4 L.P.R.A. sec. 2013.

En casos de pérdida o destrucción de protocolos, el Art. 55 de la Ley Notarial de Puerto Rico dispone el mecanismo para reconstruirlos. 4 L.P.R.A. sec. 2079. Al utilizar éste, el notario debe obrar con diligencia y probado esfuerzo, ya que de su gestión dependerán terceras personas que confiaron en él para preservar diversos negocios jurídicos. Sencillamente, el notario debe desplegar el mismo celo, esmero y dedicación que se le exige para la ejecución de las demás funciones notariales al momento de reconstruir protocolos extraviados o inutilizados. In re López Cordero, 164 D.P.R. 710, 716-18 (2005).

El proceso de reconstrucción está consignado en la Regla 58A del Reglamento Notarial de Puerto Rico. 4 L.P.R.A. Ap. XXIV R. 58A. En lo pertinente, cuando las gestiones para reconstruir un protocolo resulten infructuosas, se desglosan todas las acciones realizadas acompañadas de documentos fehacientes que acrediten las

mismas, y que a pesar de éstas no ha sido posible la reconstrucción. De ello ser así, este Tribunal podrá ordenar la colocación de una hoja en sustitución de los documentos que falten. En esta hoja se hará constar que los números intermedios desaparecieron o se inutilizaron. En cuanto a los derechos arancelarios de protocolos que no han sido aprobados, es la obligación del notario cancelar a sus expensas el documento que sustituyó al original. Además, este Tribunal podrá eximir al notario de cancelar estas estampillas. Íd.

El compromiso del notario es de tal grado en torno al cuidado de los Protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, *supra*, impone sobre éste la responsabilidad por el deterioro o la pérdida de éstos. El notario vendrá obligado a reponerlos o restaurarlos a sus expensas. Íd. Claro está, el que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas. Íd.

### III

En el caso de autos, el licenciado Rosenbaum otorgó un sinnúmero de documentos públicos que han sido extraviados, y los cuales, a pesar de su esfuerzo, no podrán ser reconstruidos. Ciertamente, el licenciado Rosenbaum realizó gestiones para la reconstrucción de los referidos Protocolos. Sin embargo, y debido a que la mayoría de ellos están relacionados con entidades bancarias que fueron liquidadas, éstas han sido infructuosas e impiden la restauración de los referidos Protocolos.

Entendemos que el licenciado Rosenbaum faltó a su función notarial al incumplir con su deber como depositario de los Protocolos del Estado. La severidad de lo ocurrido consiste en la pérdida de 63 escrituras públicas otorgadas durante el 2005 y 107 instrumentos públicos otorgados durante el 2006. La mayoría de estos documentos corresponden a la cancelación de hipotecas. También, existen escrituras que no contienen las últimas páginas y otras deficiencias. Incluso, el letrado faltó a su deber de nombrar un notario sustituto en su ausencia. Tal proceder demuestra una falta de cuidado impropio de su función como notario, la cual merece ser sancionada por este Tribunal.

IV

En vista de lo anterior, decretamos la suspensión inmediata e indefinida del Lcdo. Ronald L. Rosenbaum del ejercicio de la notaría. Le imponemos, además, el deber de notificar a todos sus clientes de su presente inhabilidad para seguir actuando como notario público, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión como notario público a los distintos foros administrativos y judiciales. Deberá, a su vez, certificarnos dentro del término de treinta días, que ha cumplido con lo aquí dispuesto.

Por su parte, ordenamos a la Oficina de Inspección de Notarías la encuadernación de los índices mensuales del Tomo 7 del Protocolo del 2005 (Escrituras 355 a 418) y el

Tomo 14, 15 y 16 del Protocolo del 2006 (Escrituras 198 a 305) para su aprobación en sustitución de los Protocolos originales. En cuanto a los folios extraviados, la ODIN procederá a colocar una hoja intermedia en los instrumentos públicos cuyos folios hayan sido extraviados, en sustitución de éstos últimos. En la hoja intermedia deberá hacerse constar que los números intermedios de esos instrumentos públicos desaparecieron. Con relación al pago de sellos arancelarios y la encuadernación de los índices mensuales, el licenciado Rosenbaum deberá satisfacer la cantidad que ODIN determine a estos efectos. La Oficina del Alguacil de este Tribunal procederá a incautarse del sello y la obra notarial del Lcdo. Ronald L. Rosenbaum, y los entregará a la ODIN para su examen e informe a este Tribunal.

Se le apercibe al licenciado Rosenbaum que la presente acción disciplinaria no lo exime de tener que subsanar, a sus expensas, las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ronald L. Rosenbaum                      TS-3201



SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2013.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la notaría al Lcdo. Ronald L. Rosenbaum. El abogado deberá notificar a sus clientes de su presente inhabilidad para seguir actuando como notario público, devolver cualesquiera honorarios por trabajos no realizados e informar oportunamente de su suspensión como notario público a los distintos foros administrativos y judiciales. A su vez, el letrado certificará, dentro del término de treinta (30) días, que ha cumplido con lo aquí dispuesto.

Ordenamos a la Oficina de Inspección de Notarías la encuadernación de los índices mensuales del Tomo 7 del Protocolo del 2005 (Escrituras 355 a 418) y el Tomo 14, 15 y 16 del Protocolo del 2006 (Escrituras 198 a 305) para su aprobación en sustitución de los Protocolos originales. En cuanto a los folios extraviados, la ODIN procederá a colocar una hoja intermedia en los instrumentos públicos cuyos folios hayan

sido extraviados, en sustitución de éstos últimos. En la hoja intermedia deberá hacerse constar que los números intermedios de esos instrumentos públicos desaparecieron. Con relación al pago de sellos arancelarios y la encuadernación de los índices mensuales, el licenciado Rosenbaum deberá satisfacer la cantidad que ODIN determine a estos efectos.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en el expediente personal del abogado.

Se le apercibe al licenciado Rosenbaum que la presente acción disciplinaria no lo exime de tener que subsanar, a sus expensas, las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Ronald L. Rosenbaum y entregar éstos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez concedería al licenciado Rosenbaum un término corto para que se exprese sobre el escrito presentado por la Oficina de Inspección de Notarías, en ánimos de brindar las garantías del debido proceso de ley y conforme el Artículo 65 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A., sec. 2105. La Jueza Asociada señora Fiol Matta no intervino.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina